ROY NOBLE LEE, Chief Justice,
dissenting.
Carl Lynn Martin was indicted, tried and convicted in the Circuit Court of Harrison County, Second Judicial District, for armed robbery. The lower court sentenced him to serve seven (7) years in the custody of the Mississippi Department of Corrections. The question is:
DID THE LOWER COURT ERR IN OVERRULING MARTIN’S MOTION TO SUPPRESS HIS CONFESSION?
On February 12, 1987, Officer Dennis Froshour of the Harrison County Sheriff’s Department heard on his radio that an armed robbery had taken place at the Circle K store and the suspect vehicle was being pursued by members of the Biloxi Police Department on the interstate. Officer Froshour positioned himself on the interstate and waited for the suspect vehicle. As the vehicle came into view with numerous police cars chasing it, Froshour pulled out in front of the car, hemmed it in, and slowed it down. The vehicle crashed into the rear of Froshour’s police car, and Froshour got out of his car with his weapon in hand.
Martin was on the passenger side. Froshour ordered him to get out of the vehicle and Martin refused. Froshour was afraid that Martin had a weapon, but when he went around to the passenger side of the vehicle, he was able to see that Martin was unarmed. He then pulled Martin from the vehicle. Martin struck at Froshour a couple of times, and Froshour hit Martin once in the head with his revolver.
After reading Martin his Miranda rights, Froshour took him to Biloxi Regional Hospital. Dr. Fred Dale tended to Martin’s injuries, which consisted of a laceration across the back of the scalp slightly less than an inch long. Dr. Dale sutured the cut and then Froshour took Martin to the Criminal Investigations Division (CID) *862 next to the Harrison County Jail where he turned Martin over to Investigator Brous-sard.
Broussard advised Martin of his rights and asked him if he knew anything about the Circle K robbery. Martin said he did not know what robbery Broussard was talking about. According to Broussard, Martin was under the influence of alcohol and was not cooperating. However, Brous-sard did complete a personal history report on Martin, and Martin told Broussard that J.W. Miller was representing him on another matter and that maybe he could get him appointed to represent him regarding the Circle K robbery.
Broussard discontinued the interrogation, and Martin was taken to the Harrison County Jail.
Martin contends that the confession made by him was inadmissible because his right to counsel had been violated. Before Martin was taken to the Harrison County Jail, Broussard completed a personal history form with information obtained from Martin and it indicated that Martin was represented by an attorney, J.W. Miller, in another matter. Martin commented that he would try to retain Miller or either have him appointed to represent him on the armed robbery charge. The T & D Drugstore was not involved at this time.
On February 13, 1987, an initial appearance regarding the Circle K armed robbery was held before Justice Court Judge Cecil Montgomery. No bail was set because the police department was investigating Martin's involvement in three other armed robberies. At the suppression hearing, Martin testified that he asked for an attorney at the time. Broussard was not present at the initial appearance and was unable to testify.
On February 16, 1987, Broussard once again asked Martin, if he would like to talk about the Circle K armed robbery, and Martin asked Broussard what he could do for him if he talked. Broussard said he did not know because they were investigating his involvement in three other crimes. One of the crimes was the Davis Slaughter House armed robbery. Martin asked Broussard, “If I done that, who was the participants that were supposedly helping me?” Broussard named three individuals at which point Martin said, “Let’s go next door. We need to talk. Somebody is talking.”
Officers Broussard and Tootle advised Martin of his Miranda rights again, and he signed four separate waivers and confessed to four armed robberies. One of the robberies involved the T & D Drugstore. The Court must first address the question of whether Martin effectively invoked his Miranda rights from a totality of the record. Once a suspect invokes the Miranda right to counsel for interrogation regarding one offense he may not be approached regarding any other offense unless an attorney is present. Edwards v. Arizona, 451 U.S. 477, 485, 101 S.Ct. 1880, 1885, 68 L.Ed.2d 378; Arizona v. Roberson, 486 U.S. 675, 108 S.Ct. 2093, 100 L.Ed.2d 704 (1988). See also McNeil v. Wisconsin, 501 U.S. -, 111 S.Ct. 2204, 2208, 115 L.Ed.2d 158 (1991).
In Edwards, the United States Supreme Court held that the right to have an attorney present must be “specifically invoked.” Id. at 482, 101 S.Ct. at 1883. The lower court held a suppression hearing to determine, if the confession was admissible. At the end of the hearing, the trial judge overruled Martin’s motion to suppress. He did not make a specific finding of fact. However, he did indicate that the personal history form introduced into evidence supported Broussard’s testimony that Martin informed him that he was being represented by J.W. Miller on another matter but not the one at hand. He stated:
I believe that as I recall the testimony of Officer Broussard was to the effect that either on the way to the police station or after arrival at the police station that Mr. Martin informed him in response to the questions concerning an attorney that you were representing him on another matter, and that he was going to possible get in touch with you to employ you. I don’t see where there’s any harm done as for as the admission of this document in evidence for the purposes of this hearing *863 because I believe that that just reinforces what maybe Officer Broussard has already said, but with the fact that you were representing him on another matter and not on this one.
In Saucier v. State, 562 So.2d 1238 (Miss.1990), this Court held:
On appeal, this Court’s scope of review of findings of fact is limited by the familiar substantial evidence rule. Davis v. State, 551 So.2d 165, 169 (Miss.1989). In this case the Circuit Court made no specific findings with respect to each of the three inculpatory statements, instead making a general finding of voluntariness and, hence, admissibility. Where this is so, we may nevertheless, rely upon findings which are fairly implied in the ruling made by the court.
After a full evidentiary hearing, the trial court found Saucier’s waiver to be knowingly, voluntarily and intelligently given. On that basis, the trial court found his confession to be admissible. Based on the foregoing, and finding no error in the ruling below regarding this first assignment of error, we affirm thereasto.
Id. at 1244 (emphasis added).
When Broussard initiated interrogation regarding the Circle K armed robbery, he advised Martin of his rights before Martin confessed to the armed robberies. Martin voluntarily signed four separate waivers, and it is evident from his testimony at the suppression hearing that he was aware that he had the right to an attorney. I am of the opinion that, from the totality of the record, Martin did not specifically invoke his right to counsel and that his confession regarding the T & D Drugstore robbery was admissible at trial.
Therefore, I dissent
HAWKINS, DAN M. LEE, P.JJ., and McRAE, J., join this dissent.